## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**00 - 4657**

WAYNE A. CYPEN,

**CIV-KING**

Plaintiff,

vs.

MAGISTRATE JUDGE
O'SULLIVAN

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant.

_____/

### NOTICE OF REMOVAL

Defendant, Provident Life and Accident Insurance Company ("Provident"), hereby files this Notice of Removal of the above-captioned cause from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which Court the action is now pending, to the United States District Court for the Southern District of Florida, and states as follows:

1.      Suit was commenced against Provident in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, General Jurisdiction Division, entitled <u>Wayne A. Cypen v. Provident Life and Accident Insurance Company</u>, Case No. 00-28965 CA 05.  The registered agent of Provident was mailed the Summons and Complaint on or about November 17, 2000, being first received by Provident thereafter.

2.      This Notice of Removal is timely filed within the period prescribed by 28 U.S.C. § 1446(b), in that it is filed within thirty days after receipt by Provident of notice of the initial pleading setting forth the claim for relief upon which the action is based.

3.      This Court has original jurisdiction of this action under the provisions of 28 U.S.C.

§ 1332, and the action may be removed to this Court by Defendants pursuant to the provisions of 28

U.S.C. § 1441, in that it is a civil action in which the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.      Provident is not a citizen of the State of Florida.  At all material times to the filing

and service of the Complaint in this action, Provident was a foreign corporation incorporated under

the laws of the State of Tennessee, having its principal place of business in the State of Tennessee.

Plaintiff's Complaint concedes that Provident is a foreign corporation.  Complaint ¶ 3.

5.      Plaintiff is now and has been at all material times a citizen and resident of the State

of Florida.  Complaint ¶ 2.

6.      Accordingly, there is complete diversity of citizenship between the parties.

7.      On the face of the Complaint, the amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs.  Complaint ¶ 1.  Specifically, Plaintiff is seeking disability benefits

under a policy of insurance issued by Provident that provides for benefits of $5,750.00 per month

in the event of total disability within the terms of each policy.  A copy of the policy is attached as

Exhibit "A" to the Complaint, and referenced therein.  The Complaint alleges that Cypen became

permanently disabled prior to September 29, 1998, Complaint ¶ 6, that Provident initially paid

Cypen benefits until January, 2000, at which time Provident terminated benefits.  Complaint ¶ ¶

7 and 8.  In addition, the Complaint seeks an award of attorney's fees.  Based on the foregoing, the

amount in controversy in this matter clearly exceeds $75,000.

8.      This Court also  has original jurisdiction under the provisions of 28 U.S.C. § 1331,

and this matter is one which may be removed to this Court by Provident pursuant to the provisions

-2-

of 28 U.S.C. § 1441, in that the complaint is a civil action of which the district courts have original jurisdiction founded on a claim or right arising under the law of the United States.

9.     The allegations of the Complaint are founded upon a disability income insurance policy which reflects that the policy was sponsored by the employer of Plaintiff Wayne A. Cypen Rogers ("Cypen"), under a plan to be administered by Provident Life and Accident Insurance Company.    As such, the policy at issue in this case is exclusively regulated by the Employee Retirement Income Security Act of 1974 ("ERISA").  29 U.S.C. § 1001, et seq.

10.     Because the Complaint involves an ERISA claim, removal is proper under 28 U.S.C. § 1441, even though ERISA does not appear on the face of the Complaint. See Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).  ERISA has been held by the Supreme Court to preempt all state law causes of action and to provide a federal forum for actions such as the one herein.  Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987).

11.     Copies of all process, pleadings and orders served upon Provident in this case are attached to this Notice of Removal.

12.     A copy of this Notice of Removal will be filed concurrently in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

WHEREFORE, Defendant, Provident Life & Accident Insurance Company, hereby gives notice of the removal of this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

-3-

SHUTTS & BOWEN, LLP
Attorneys for Defendant
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300 - Telephone
(305) 381-9982 - Telecopier

By: _____
John E. Meagher
Florida Bar No. 511099
John T. Kolinski
Florida Bar No. 307971
Piercy J. Stakelum IV
Florida Bar No. 00135410

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 7th

day of December, 2000, to: Michael S. Olin, Esq., Podhurst, Orseck, Josefberg, Eaton, Meadow,

Olin & Perwin, P.A., City National Bank Building, Eighth Floor, 25 West Flagler Street, Miami, FL

33130.

_____
OF COUNSEL

MIADOCS 382933.1 NXG

-4-

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  00-28965 CA 05

WAYNE A. CYPEN,

       Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

       Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories and Request for Production in this action on defendant

**Provident Life and Accident Insurance Company**
**By Serving: Florida Department of Insurance**
**200 East Gaines Street**
**Tallahassee, Florida**

The President or Vice-President, or other head of the corporation, and in his absence:

The Cashier, Treasurer or General Manager; and in the absence of all of the above: Any Officer or Business Agent residing in the state; and as an alternative to all of the foregoing, process may be served on the agent designed under Section 48.091, F.S.

Each defendant is required to serve written defenses to the Complaint or Petition

on MICHAEL S. OLIN, Esq., Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., 25 West Flagler Street, 8th Floor, Miami, Florida 33130, within **twenty (20) days** after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for plaintiff(s) or immediately thereafter. If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

NOV - 0 2000

WITNESS my hand and the seal of this Court on _____, 2000.

Clerk of the Circuit Court
HARVEY RUVIN, Clerk
as Clerk of the Court

JENNIS L. RUSSELL

BY: _____

as Deputy Clerk


MICHAEL S. OLIN
PODHURST, ORSECK, JOSEFSBERG, EATON,
 MEADOW, OLIN & PERWIN, P.A.
City National Bank Bldg., 8th Floor
25 West Flagler Street
Miami, Florida  33130
Attorneys for Plaintiff
Phone:  (305) 358-2800

-2-

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

00-28965 CA 05

WAYNE A. CYPEN,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

_____/



ORIGINAL
FILED

NOV 03 2000

HARVEY RUVIN
CLERK

## COMPLAINT

The Plaintiff sues the Defendant and avers as follows:

1.    This is an action for damages in excess of $75,000.00.

2.    Plaintiff is a citizen and resident of Miami-Dade County, Florida.

3.    Defendant Provident Life and Accident Insurance Company is a foreign insurer authorized to do business and doing business within the State of Florida.

4.    Defendant issued a policy of disability income insurance to the Plaintiff on October 7, 1987 bearing policy number 6-335-779939. A copy of the portions of the policy that are in the possession of the Plaintiff are attached hereto as Exhibit A.

5.    Plaintiff duly paid all premiums due on the policy and has otherwise complied with all conditions precedent.

6.    Prior to September 29, 1998, the Plaintiff became medically disabled and met the conditions of total disability as defined by the insurance policy.

CASE NO.

7.    The Plaintiff duly made a claim for disability benefits under the policy of insurance.  Initially, the claim was honored and disability payments were made by the Defendant.

8.    In January, 2000, Defendant breached the insurance policy by ceasing and refusing to make any further payments as it was obligated to do by the policy.

9.    Defendant's refusal to make payments to Plaintiff, who remains totally disabled as defined by the policy, constitutes a breach of the insurance policy.

10.   Such breach has proximately caused damages to the Plaintiff, including loss of the policy benefits and other consequential damages, including attorneys' fees.

11.   Plaintiff is obligated to pay no less than a reasonable fee to the undersigned law firm for its services in this matter.

WHEREFORE, Plaintiff sues the Defendant for damages, plus costs, interest and attorneys' fees.

Dated:      November 3rd , 2000.

Respectfully submitted,

PODHURST, ORSECK, JOSEFSBERG,
EATON, MEADOW, OLIN & PERWIN, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
(305) 358-2800 / Fax (305) 358-2382

By: _____ for
MICHAEL S. OLIN
Fla. Bar No. 220310

-2-

# PROVIDENT
# LIFE AND ACCIDENT
**INSURANCE COMPANY**

CHATTANOOGA  TN 37402

(A STOCK COMPANY)

ALL PROVISIONS ON THE
ATTACHED PAGES ARE A
PART OF YOUR POLICY

Vice President

President and
Chief Executive Officer

Countersigned by _____

                              Licensed Resident Agent

## IMPORTANT NOTICE

Please read the copy of the application attached to this policy.  Omissions or mis-statements  in  the  application  could  cause  an  otherwise  valid  claim  to  be  denied.
Carefully check the application and write to us within 10 days if any information shown on it is not correct and complete, or if any past medical history has been left out of the application.  This application is a part of the policy; and the policy was issued on the basis that the answers to all questions and the information shown on the application are correct and complete.

## D I S A B I L I T Y   I N C O M E   P O L I C Y

### NON-CANCELLABLE AND GUARANTEED CONTINUABLE TO AGE 65
### CONDITIONAL RIGHT TO RENEW AFTER AGE 65; PREMIUMS GUARANTEED TO AGE 65

#### WAYNE A CYPEN, the Insured
#### Policy Number 6-335-779939

### THIS POLICY IS A REWRITE FROM OTHER COVERAGE -- SEE PAGE 3

10 day right to examine your policy - We want you to fully understand and be entirely satisfied with your policy.  If you are not satisfied for any reason, you may return the policy to us, or to the agent through whom it was purchased, within 10 days of its receipt. We will refund any premiums you have paid within 10 days after we receive your notice of cancellation and the policy.  It will be considered never to have been issued.

335

In this policy, the words "you" and "your" mean you, the Insured named in the Policy Schedule on Page 3; "we," "our" and "us" mean Provident Life and Accident Insurance Company.

We will pay benefits for covered loss resulting from Injuries or Sickness subject to the definitions, exclusions and other provisions of this policy.  Loss must begin while the policy is in force.

This policy is a legal contract between you and us.  It is issued in consideration of the payment in advance of the required premium and of your statements and representations in the application.  A copy of your application is attached and made a part of the policy.

**NON-CANCELLABLE AND GUARANTEED CONTINUABLE TO AGE 65 AT GUARANTEED PREMIUMS:**  You can continue this policy to age 65 by paying premiums on time.  The premiums shown on Page 3 are guaranteed to age 65.

**CONDITIONAL RIGHT TO RENEW AFTER AGE 65; PREMIUMS ARE NOT GUARANTEED:**  You can renew this policy as long as you are actively and gainfully working full time; there is no age limit.  You must pay premiums on time at our premium rates then in effect at time of renewals.  (For further conditions, see the page titled "Premiums and Renewals."  See Page 7 for the benefit provisions that will be included in the continued policy.)

|                                                                                        | Page |
|----------------------------------------------------------------------------------------|------|
| Renewal Conditions                                                                     | 1    |
| Policy Schedule                                                                        | 3    |
| UPDATE                                                                                 | 3    |
| Definitions (Injuries, Sickness, age, Physician, Total Disability, your occupation, period of disability, Elimination Period) | 4 |
| EXCLUSION                                                                              | 5    |
| Pre-Existing Condition Limitation                                                      | 5    |
| Benefits                                                                               |      |
| Total Disability                                                                       | 5    |
| Presumptive Total Disability                                                           | 5    |
| Transplant Surgery                                                                     | 6    |
| Cosmetic Surgery                                                                       | 6    |
| Pregnancy                                                                              | 6    |
| Waiver of Premium                                                                      | 6    |
| Rehabilitation                                                                         | 6    |
| Treatment of Injuries (Payable if disability benefits not paid)                        | 7    |
| Benefits When Policy Renewed After Age 65                                              | 7    |
| Payment for Part of Month                                                              | 7    |
| Additional Benefit                                                                     |      |
| Residual Disability (includes revised Waiver of Premium provision)                     | 8    |
| Premiums and Renewals                                                                  |      |
| Policy Term                                                                            | 12   |
| Grace Period                                                                           | 12   |
| Conditional Right To Renew After Age 65 - Premiums Are Not Guaranteed                  | 12   |
| Reinstatement                                                                          | 12   |
| Suspension During Military Service                                                     | 13   |
| Premium Adjustment At Death                                                            | 13   |
| Claims                                                                                 |      |
| Notice of Claim                                                                        | 13   |
| Claim Forms                                                                            | 13   |
| Proof of Loss                                                                          | 13   |
| Time of Payment of Claims                                                              | 14   |
| Payment of Claims                                                                      | 14   |
| Physical Examinations                                                                  | 14   |
| Misstatement of Age                                                                    | 14   |
| Legal Actions                                                                          | 14   |
| General Provisions                                                                     |      |
| Entire Contract                                                                        | 14   |
| Incontestable                                                                          | 14   |
| Conformity With State Statutes                                                         | 14   |
| Assignment                                                                             | 14   |

READ YOUR POLICY CAREFULLY

```
Insured - WAYNE A CYPEN              Policy Number - 6-335-779939
Effective Date - June 15, 1987       First Renewal Date - December 15, 1987
Issue Date - October 7, 1987         Renewal Term - Six Months
```

Semi-annual Policy Premium payable from June 15, 1987 until the first UPDATE Increase
Date (see Page 3 (cont.)) is $1,197.94 on a non smoking premium basis.

Other Premium Paying Methods:
```
     $2,348.91 Annually
        610.72 Quarterly
        199.66 Monthly (Preauthorized Bank Draft Only)
```

-----------------------MONTHLY BENEFIT FOR TOTAL DISABILITY------------------------

$5,750.00

----------------------------ELIMINATION PERIOD----------------------------------

90 days of Total and/or Residual Disability

An Elimination Period starting after age 65
must consist entirely of days of Total Disability

----------------------------MAXIMUM BENEFIT PERIODS-----------------------------

Injuries:
```
     Total Disability starting before age 65  .......................... for Life
     Total Disability starting at age 65 but before age 75 ............. 24 months
     Total Disability starting at or after age 75 ...................... 12 months
```

Sickness:
```
     Total Disability starting before age 60  .......................... for Life
     Total Disability starting at age 60 but before age 61 ............. to age 65
     Total Disability starting at age 61 but before age 62 ............. 48 months
     Total Disability starting at age 62 but before age 63 ............. 42 months
     Total Disability starting at age 63 but before age 64 ............. 36 months
     Total Disability starting at age 64 but before age 65 ............. 30 months
     Total Disability starting at age 65 but before age 75 ............. 24 months
     Total Disability starting at or after age 75 ...................... 12 months
```

----------------------------------------------------------------------------------

Rehabilitation Expense  ................................. $17,250.00 Maximum Amount

Treatment of Injuries (Payable if disability
     benefits not paid) .................................. $2,875.00 Maximum Amount

------------------------------ADDITIONAL BENEFIT---------------------------------
(The premium shown for this benefit is included in the Policy Premium shown above.)

Residual Disability Benefit ..........................Page 8    Premium $227.15

----------------------------------------------------------------------------------
(Policy Schedule is continued on next page.)

THIS POLICY IS ISSUED IN LIEU OF AND REPLACES:

POLICY NO. 6-PC-461435 DATED February 24, 1981
POLICY NO. 6-334-528086 DATED July 17, 1982
POLICY NO. 6-334-563498 DATED May 14, 1983

The Pre-existing Condition Limitation and Incontestable Provisions in this policy
are waived up to the extent of that which was earned for the same benefits provided
by the policies it replaced.

(Policy Schedule is continued on next page.)

POLICY SCHEDULE (Continued)

------------------------------------UPDATE------------------------------------

The benefits and premium named below will be automatically increased without evidence of insurability, as follows:

| UPDATE Increase Date | New Monthly Benefit for Total Disability | New Maximum Amount for Rehabilitation Expense | New Maximum Amount for Treatment of Injuries | New Semi-annual Premium for this Policy |
|---|---|---|---|---|
| 06/15/88 | $6,160.00 | $18,480.00 | $3,080.00 | $1,291.06 |
| 06/15/89 | $6,600.00 | $19,800.00 | $3,300.00 | $1,395.65 |
| 06/15/90 | $7,070.00 | $21,210.00 | $3,535.00 | $1,512.41 |
| 06/15/91 | $7,570.00 | $22,710.00 | $3,785.00 | $1,641.92 |
| 06/15/92 | $8,100.00 | $24,300.00 | $4,050.00 | $1,786.51 |

UPDATE Benefit increases are effective on the UPDATE Increase Dates shown.  If an UPDATE Increase Date shown does not coincide with a renewal date for this policy, the increase will be effective on the next renewal date.

An UPDATE Benefit increase will apply only to a period of disability which starts after the effective date of the increase.  It must qualify as a separate period of disability.  If the premium for the policy is being waived on the effective date of the increase, the premium for the increase will also be waived.  When you resume paying premiums for the policy, you must also start paying the premium for the increase.

You are entitled to UPDATE Benefit increases on the dates shown above.  If you do not accept an increase, your refusal:

1.  forfeits your right on that UPDATE Increase Date to the UPDATE Benefit increase;
2.  postpones the schedule of benefit increases to the next UPDATE Increase Date, if any;
3.  adjusts the premiums for the remaining increases, if any, since such premiums are based on your attained age at the time of an UPDATE Benefit increase; and
4.  in no way extends the last UPDATE Increase Date shown above.

Each refusal of an UPDATE Benefit increase reduces the number of UPDATE Benefit increases to which you were entitled by one.

If you are under age 59 on the last UPDATE Increase Date, you may apply for an amendment providing additional UPDATE Benefit increases.  You can do this by making formal application within the period of 60 days prior to and 31 days after the last UPDATE Increase Date.  Approval will be subject to our underwriting guidelines then in effect.

## DEFINITIONS

**Injuries** means accidental bodily injuries occurring while your policy is in force.

**Sickness** means sickness or disease which is first manifested while your policy is in force.

**age**, when used before a number, such as in "age 65", means the ending date of the policy term in which you attain that age. A policy term is described on the page titled "Premiums and Renewals."

**Physician** means any person other than you who is licensed by law, and is acting within the scope of the license, to treat Injuries or Sickness which results in covered loss.

**Total Disability** or **totally disabled** means that due to Injuries or Sickness:

1. you are not able to perform the substantial and material duties of your occupation; and

2. you are receiving care by a Physician which is appropriate for the condition causing the disability.

**your occupation** means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled. If your occupation is limited to a recognized specialty within the scope of your degree or license, we will deem your specialty to be your occupation.

**period of disability** means a period of disability starting while this policy is in force. Successive periods will be deemed to be the same period unless the later period:

1. is due to a different or unrelated cause, or

2. starts more than twelve months after the end of the previous period;

in which event, the later period will be a new or separate period of disability. A new Elimination Period must then be met. And, a new Maximum Benefit Period will apply.

**Elimination Period** means the number of days of disability that must elapse in a period of disability before benefits become payable. The number of days is shown on Page 3. These days need not be consecutive; they can be accumulated during a period of disability to satisfy an Elimination Period. Benefits are not payable, nor do they accrue, during an Elimination Period.

## EXCLUSION

We will not pay benefits for loss caused by war or any act of war, whether war is declared or not.

Additional exclusions, if any, appear in the Policy Schedule.

## PRE-EXISTING CONDITION LIMITATION

We will not pay benefits for loss starting within two years of the Effective Date of this policy which is caused by a Pre-existing Condition. A claim for benefits for loss starting thereafter will not be reduced or denied on the ground it is caused by a Pre-existing Condition unless the condition is excluded by name or specific description. Pre-existing Condition means an impairment, deformity or a physical condition that was not disclosed, or that was misrepresented, in answer to a question in the application for this policy. A physical condition means an accidental bodily injury which occurred before the Effective Date of the policy, or a sickness or disease which manifested itself before the Effective Date of the policy.

## BENEFITS

**TOTAL DISABILITY**
We will pay the Monthly Benefit for Total Disability shown on Page 3 as follows:

1. Benefits start on the day of Total Disability following the Elimination Period.
2. Benefits will continue while you are totally disabled during the period of disability but not beyond the Maximum Benefit Period.

In no event will you be considered to have more than one disability at the same time. The fact that a disability is caused by more than one Injury or Sickness or from both will not matter. We will pay benefits for the disability which provides the greater benefit.

**PRESUMPTIVE TOTAL , "SABILITY - LOSS OF SPEECH, HEARING, SIGHT OR THE USE OF TWO LIMBS**
You will be presumed totally disabled if Injuries or Sickness results in the entire and permanent loss of:

1. speech;
2. hearing in both ears;
3. the sight of both eyes; or
4. the use of both hands, or of both feet or of one hand and one foot.

You must present satisfactory proof of your loss. Your ability to work will not matter. Further medical care will not be required. Benefits will be paid according to the Total Disability provisions of this policy. But, benefits will start on the date of loss if earlier than the day benefits start as shown on Page 3. If loss occurs before you attain age 65, the Monthly Benefit for Total Disability will be paid as long as you live regardless of the Maximum Benefit Period shown on Page 3.

---

**TRANSPLANT SURGERY**
You might be disabled from the transplant of part of your body to another person. If so, we will consider it to be the result of a Sickness.

**COSMETIC SURGERY**
You might be disabled from surgery to improve your appearance or to correct disfigurement.  If so, we will consider it to be the result of a Sickness.

**PREGNANCY**
You might be disabled from pregnancy or childbirth.  If so, we will consider it to be the result of a Sickness.

**WAIVER OF PREMIUM**
After you have been totally disabled for 90 days during a period of disability, we will:

1. refund any premiums which became due and were paid while you were totally disabled; and
2. waive the payment of each premium which thereafter becomes due for as long as the period of disability lasts.  After it ends, to keep this policy in force, you must again pay any premiums which become due.

For premiums to be waived, you must give us satisfactory proof of disability.

**REHABILITATION**
Total Disability - Your participation in a program of occupational rehabilitation will not of itself be considered a recovery from Total Disability.

Expense - If, during a period of Total Disability, you participate in a program of occupational rehabilitation which we approve, we will pay for certain expenses you incur.  That is, we will pay for the reasonable cost of training and education which is not otherwise covered under health care insurance, workers' compensation or any public fund or program.  But, we will not pay more than the Maximum Amount for Rehabilitation Expense shown on Page 3.

A program of occupational rehabilitation must be designed to help you return to work and be:

1. a formal program of rehabilitation at an accredited graduate school, college or business school, or at a licensed vocational school;
2. a recognized program operated by the federal or a state government; or
3. any other professionally planned rehabilitation program of training or education.

**TREATMENT OF INJURIES (PAYABLE IF DISABILITY BENEFITS NOT PAID.)**
If Injuries require medical treatment prescribed by a Physician, we will pay your expenses for the treatment.  But, we will not pay more than the Maximum Amount for Treatment of Injuries shown on Page 3 as a result of any one accident.

If you qualify for payment under this provision and also under a disability provision of this policy because of the same accident, payment will be made under the provision which provides the greater benefit.

**BENEFITS WHEN POLICY RENEWED AFTER AGE 65**
If this policy is continued in accordance with the "Conditional Right to Renew After Age 65" on Page 1, all of the benefit provisions on Pages 5, 6 and 7 will be included in the continued policy.  (Any additional benefit provision contained in this policy will not be included unless it is named on Page 3 as one that will be included in the continued policy.)  The Maximum Benefit Period starting while this policy is so continued is shown on Page 3.  The Monthly Benefit for Total Disability will not change unless you choose to renew with a lesser amount.

**PAYMENT FOR PART OF MONTH**
If any payment under this policy is for part of a month, the daily rate will be 1/30th of the payment which would have been made if disability had continued for the whole month.

---

(Nothing in this provision limits the policy definition of "Total Disability.")

## DEFINITIONS

**Monthly Income** means your monthly income from salary, wages, bonuses, commissions, fees or other payments for services which you render or your business provides. Normal and usual business expenses are to be deducted; income taxes are not. Monthly Income must be earned. It does not include dividends, interest, rents, royalties, annuities, sick pay or benefits received for disability under a formal wage or salary continuation plan or other forms of unearned income.

Monthly Income can be credited to the period in which it is actually received or to the period in which it is earned. We allow either the cash or accrual accounting method. But, the same method must be used to determine the Prior Monthly Income and the Current Monthly Income during a period of disability. If you elect the cash accounting method, we will not include income received for services rendered prior to the start of a period of disability in your Current Monthly Income.

**Prior Monthly Income** means the greatest of:

1. your average Monthly Income for the 12 months just prior to the start of the period of disability for which claim is made;
2. your average Monthly Income for the year with the highest earnings of the last two years prior to the start of such period of disability; or
3. your highest average Monthly Income for any two successive years of the last five years prior to the start of such period of disability.

**Current Monthly Income** means your Monthly Income in your occupation for each month of Residual Disability being claimed.

**Loss of Monthly Income** means the difference between Prior Monthly Income and Current Monthly Income. Loss of Monthly Income must be caused by the Residual Disability for which claim is made. The amount of the loss must be at least 20% of Prior Monthly Income to be deemed Loss of Monthly Income. If your loss is more than 75% of Prior Monthly Income, we will deem the loss to be 100%.

**Residual Disability or residually disabled**, during the Elimination Period, means that due to Injuries or Sickness:

1. you are not able to do one or more of your substantial and material daily business duties or you are not able to do your usual daily business duties for as much time as it would normally take you to do them;
2. you have a Loss of Monthly Income in your occupation of at least 20%; and
3. you are receiving care by a Physician which is appropriate for the condition causing disability.

After the Elimination Period has been satisfied, you are no longer required to have a loss of duties or time. **Residual Disability or residually disabled** then means that as a result of the same Injuries or Sickness:

1. you have a Loss of Monthly Income in your occupation of at least 20%; and
2. you are receiving care by a Physician which is appropriate for the condition causing the Loss of Monthly Income.

Monthly Benefit for Total Disability is shown on Page 3.  (It can be increased by certain other benefit provisions if they are included in your policy and are applicable.  If included, they are titled "Cost of Living Adjustments of Monthly Benefits" and "Social Insurance Substitute Benefit.")

Residual Disability Monthly Benefit is the benefit payable under this provision.  It is determined monthly by this formula.  Each month, it equals:

$$\frac{\text{Loss of Monthly Income}}{\text{Prior Monthly Income}} \times \text{Monthly Benefit for Total Disability}$$

### RESIDUAL DISABILITY BENEFITS

We will pay Residual Disability Monthly Benefits as follows:

1. Benefits start on the day of Residual Disability following the Elimination Period or, if later, after the end of compensable Total Disability during the same period of disability.
2. Benefits will continue while you are residually disabled during a period of disability but the combined period for which benefits for Total and Residual Disability are payable can not exceed the Maximum Benefit Period.  And, benefits will not be payable after you attain age 65.
3. The first six monthly payments for Residual Disability will be the greater of:
   a. 50% of the Monthly Benefit for Total Disability; or
   b. the Residual Disability Monthly Benefit determined for each month.

Residual Disability benefits will not be paid for any days for which Total Disability benefits are paid.

In no event will you be considered to have more than one disability at the same time.  The fact that a disability is caused by more than one Injury or Sickness or from both will not matter.  We will pay benefits for the disability which provides the greater benefit.

We can require any proof which we consider necessary to determine your Current Monthly Income and Prior Monthly Income.  Also, we or an independent accountant retained by us shall have the right to examine your financial records as often as we may reasonably require.

### RECOVERY BENEFITS

(Nothing in this provision limits the policy definition of
"Residual Disability.")

If you are under age 65 and return to gainful full-time work at the end of a period for which we have paid Total and/or Residual Disability benefits, we will:

1. while you are so engaged in gainful full-time work; and
2. while you are having a Loss of Monthly Income in your occupation of at least 20% due to the same Injuries or Sickness;

---

pay benefits under this back to work provision as though the same period of disability is continuing.  You do not have to be receiving care by a Physician while Recovery Benefits are being paid.  Payments will be made for each month, up to 3 months, in which (1) and (2) exist.  For the first such month, we will pay a benefit based on the greater of:

a.  the monthly rate computed by the Residual Disability Benefit formula for that month; or
b.  100% of the actual claim payment made for the 30 days preceding your return to work full time.

The monthly benefit for the second and third months will be computed as in (a) and (b) above; except that, instead of using 100% in (b), 75% will apply for the second month.  And, 50% will apply for the third month.

These recovery benefits will not be paid for any days for which Total and/or Residual Disability benefits are paid.  And, they will not be paid for more than 3 months in connection with a period of disability.

### COST OF LIVING INDEXING OF PRIOR MONTHLY INCOME
### (Applicable to benefits paid after the 12th month of a period of disability)

#### Definitions

CPI-U means the Consumer Price Index for All Urban Consumers.  It is published by the United States Department of Labor.  If the CPI-U is discontinued or if its method of computation is changed, we may use another nationally published index.  We will choose an index which is similar in scope and purpose to the CPI-U.  The CPI-U will then mean the index which is chosen.

Review Date means each anniversary date of the start of a period of disability.

Review Period means a one year period ending on a Review Date.

Index Month means the calendar month three months prior to a Review Date.  But, the first Index Month means the calendar month three months prior to the start of a period of disability.  We will measure all changes in the CPI-U from the first Index Month.

Index Factor is used by us to determine your adjusted Prior Monthly Income for each Review Period.  We will compute this factor by dividing the CPI-U for the latest Index Month by the CPI-U for the first Index Month.  We will compute it on each Review Date during a period of disability.

#### Adjusted Prior Monthly Income

If Injuries or Sickness results in a period of disability that lasts at least 12 months, we will compute Cost of Living Adjustments on each Review Date for Residual Disability Benefits.  Monthly benefits which thereafter accrue during that period of disability will be adjusted by indexing your Prior Monthly Income as follows:

---

1. On each Review Date, your Prior Monthly Income will be multiplied by your Index Factor. The result is your adjusted Prior Monthly Income. It will be used to figure your Loss of Monthly Income during the Review Period that follows. It will also be used in the formula to compute each Residual Disability Monthly Benefit payable during that Review Period.

   An increase in your Prior Monthly Income can cause your Loss of Monthly Income to be greater. This in turn can result in an increase in your Residual Disability Monthly Benefit. Other than your Index Factor (which is computed by using actual CPI-U values), there is no limit on the percent of increase in your Prior Monthly Income for a Review Period. If the CPI-U should go down, your adjusted Prior Monthly Income can decrease. But, it can never reduce below your Prior Monthly Income at the start of the period of disability.

2. Indexing of your Prior Monthly Income will end on the earliest of:

   a. the end of the period of disability (see Page 4);
   b. the end of a benefit period; or
   c. the date you attain age 65.

If the computations end because of a or b above, disability benefits which can be paid for the first 12 months of a new period of disability will not include a Cost of Living Adjustment. A new first Index Month and Review Date will apply to each new period of disability that lasts more than 12 months.

## WAIVER OF PREMIUM

For periods of disability which start before age 65, the Waiver of Premium provision on Page 6 is replaced by the following:

### "WAIVER OF PREMIUM - TOTAL DISABILITY AND RESIDUAL DISABILITY

If, during a period of disability, Injuries or Sickness results in more than 90 days of Total and/or Residual Disability, we will:

1. refund any premiums which became due and were paid while you were so disabled; and
2. waive the payment of each premium which thereafter becomes due for as long as the period of disability lasts. After it ends, to keep your policy in force, you must again pay any premiums which become due.

For premiums to be waived, you must give us satisfactory proof of disability except as respects Recovery Benefits."

NOTE: All portions of this Residual Disability Benefit expire when you attain age 65 even though the policy may be renewed after you attain age 65. No further premiums for it will be due.

PREMIUMS AND RENEWALS

### POLICY TERM

The first term of this policy starts on the Effective Date shown on Page 3. It ends on the First Renewal Date also shown. Later terms will be the periods for which you pay renewal premiums when due. All terms will begin and end at 12:01 A.M., Standard Time, at your home. The renewal premium for each term will be due on the day the preceding term ends, subject to the grace period.

### GRACE PERIOD

This policy has a 31 day grace period. This means that if a renewal premium is not paid on or before the date it is due, it may be paid during the next 31 days. During the grace period, the policy will stay in force.

### CONDITIONAL RIGHT TO RENEW AFTER AGE 65; PREMIUMS ARE NOT GUARANTEED

(Continued from Page 1)

You can renew this policy as long as you are actively and gainfully working full time. From time to time, we can require proof that you are actively and gainfully working full time. If you stop working, (except by reason of Total Disability), this policy will terminate; except that coverage will continue to the end of any period for which premium has been accepted.

Premiums must be paid on time. They will be based on our table of rates by attained age in effect at time of renewals for persons in your same rate class who are insured under policies of this form. Other than your attained age, the factors used to determine your rate class will be the same as those that applied to you on the Effective Date of this policy.

The benefit provisions which will be included in this policy, if it is continued after you attain age 65, are described on Page 7.

### REINSTATEMENT

If a renewal premium is not paid before the grace period ends, the policy will lapse. Later acceptance of the premium by us or by our agent authorized to accept payment without requiring an application for reinstatement will reinstate this policy.

If we or our agent require an application, you will be given a conditional receipt for the premium tendered. If the application is approved, the policy will be reinstated as of the approval date. Lacking such approval, the policy will be reinstated on the 45th day after the date of the conditional receipt unless we have previously written you of our disapproval.

The reinstated policy will cover only loss that results from Injuries which occur after the date of reinstatement or Sickness which is first manifested more than 10 days after such date. In all other respects, your rights and ours will remain the same, subject to any provisions noted on or attached to the reinstated policy.

If you enter full-time active duty in the military (land, sea or air) service of any nation or international authority, you may suspend your policy. But, you may not suspend the policy during active duty for training lasting 3 months or less. The policy will not be in force while it is suspended, and you will not be required to pay premiums. Upon receipt of your written request to suspend the policy, we will refund the pro-rata portion of any premium paid for a period beyond the date we receive your request.

If your full-time active duty in military service ends before age 65, you may place this policy back in force without evidence of insurability. Your coverage will start again when:

1.  we have received your written request to place the policy back in force; and
2.  you have paid the required pro-rata premium for coverage until the next premium due date.

However, your request and premium payment must be received by us within 90 days after the date your active duty in the military service ends. Premiums will be at the same rate that they would have been had your policy remained in force. The policy will not cover any loss due to Injuries which occur or Sickness which is first manifested while the policy is suspended. In all other respects you and we will have the same rights under the policy as before it was suspended.

**PREMIUM ADJUSTMENT AT DEATH**
Any premium paid for a period beyond the date of your death will be refunded to your estate.

CLAIMS

**NOTICE OF CLAIM**
Written notice of claim must be given within 20 days after a covered loss starts or as soon as reasonably possible. The notice can be given to us at our home office, Chattanooga, Tennessee, or to our agent. Notice should include your name and the policy number.

**CLAIM FORMS**
When we receive your notice of claim, we will send you claim forms for filing proof of loss. If these forms are not given to you within 15 days, you will meet the proof of loss requirements by giving us a written statement of the nature and extent of your loss. You must give us this proof within the time set forth in the Proof of Loss section.

**PROOF OF LOSS**
If the policy provides for periodic payment for a continuing loss, you must give us written proof of loss within 90 days after the end of each period for which we are liable. For any other loss, written proof must be given within 90 days after such loss.

If it was not reasonably possible for you to give written proof in the time required, we will not reduce or deny the claim for this reason if the proof is filed as soon as reasonably possible. In any event, the proof required must be furnished no later than one year after the 90 days unless you are legally unable to do so.

After we receive written proof of loss, we will pay monthly all benefits then due you for disability. Benefits for any other loss covered by this policy will be paid as soon as we receive proper written proof.

## PAYMENT OF CLAIMS

Benefits will be paid to you. Any benefits unpaid at death will be paid to your estate.

If benefits are payable to your estate, we can pay benefits up to $3000 to someone related to you by blood or marriage whom we consider to be entitled to the benefits. We will be discharged to the extent of any such payment made in good faith.

## PHYSICAL EXAMINATIONS

We, at our expense, have the right to have you examined as often as is reasonable while a claim is pending.

## MISSTATEMENT OF AGE

If your age has been misstated, the benefits will be those the premium paid would have bought at the correct age.

## LEGAL ACTIONS

You may not start a legal action to recover on this policy within 60 days after you give us required proof of loss. You may not start such action after the expiration of the applicable statute of limitations from the time proof of loss is required.

## GENERAL PROVISIONS

## ENTIRE CONTRACT

This policy with the application and attached papers is the entire contract between you and us. No change in this policy will be effective until approved by one of our officers. This approval must be noted on or attached to this policy. No agent may change this policy or waive any of its provisions.

## INCONTESTABLE

1.  After this policy has been in force for two years during your lifetime, we cannot contest the statements in the application.

2.  No claim for loss incurred or disability that starts after two years from the Effective Date of this policy will be reduced or denied on the ground that a sickness or physical condition not excluded by name or specific description had existed before the Effective Date of this policy.

## CONFORMITY WITH STATE STATUTES

Any provision of this policy which, on its effective date, is in conflict with the laws of the state in which you reside on that date is changed to conform to the minimum requirements of those laws.

## ASSIGNMENT

No assignment of interest in this policy will be binding on us until a copy is on file with us. It must be approved by one of our officers. We are not responsible for the validity of any assignment.

Chattanooga, TN 37402

## AMENDMENT OF APPLICATION

In consideration of the issuance of the policy to which this amendment is attached, it is understood and agreed that my signed application dated May 7, 1987, is amended as follows:

4(A)  ANNUAL EARNED INCOME FROM YOUR
      OCCUPATION FOR FEDERAL TAX PURPOSES
      (AFTER BUSINESS EXPENSES, IF ANY):

|  | CURRENT ANNUAL RATE OF EARNED INCOME | ACTUAL PRIOR CALENDAR YEAR | ACTUAL YEAR PRIOR TO LAST CALENDAR YEAR |
|---|---|---|---|
| SALARY................. | $100,000 | $90,000 | $80,000 |
| OTHER (DESCRIBE) | | | |
| 0 | 0 | 0 | 0 |
| 0 | | | |

4(B)  UNEARNED INCOME PRIOR 2 YEARS
      (INTEREST, DIVIDENDS, ETC.)          $10,000          $10,000

Signed at _____

             City              State

this____ day of_____19____ Signature X _____

1251-AM(Q4)1335            WAYNE A CYPEN    6-335-779939            Accident Dept.

1. (a) Full name? _Wayne A. Cikes_    (b) Sex? M
   (c) Height? ft. _6_ in. _1_ (d) Weight? lbs. _195_ (e) Date of Birth? _2/29/57_ (f) Birthplace? _MIAMI, FL_

2. (a) Residence Address? _4800 N. BAY RD. MIAMI BEACH, FL 33140_
      (Print)    Street and No. or P.O. Box No.    City    State    Zip Code
      □ Residence   ☒ Business   Send Notices
   (b) Business Address? _525 ARTHUR GODFREY RD. MIAMI BEACH, FL 33140_

3. (a) Occupation: _CIVIL LITIGATION, DREAMS, SMOKING..._ (b) Employer _CIKES & CIKES_
   (c) Exact duties: _ESTATE PLANNING ATTORNEY, TRIAL WORK, PROBATE COURT APPEARANCE, REAL ESTATE PLANNING..._ (d) Social Security No. _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_
   (e) Are you actively at work fulltime in the above occupation? Yes ☒ No. □ (f) Length of Employment: _10 YRS_

4. (a) Annual Earned Income From Your Occupation For Federal Tax Purposes (After Business Expenses, if any):

| | Salary | Other (Describe) |
|---|---|---|
| of Earned Income | $ 100,000 | $ |
| Actual Prior Calendar Year | $ 90,000 | $ |
| Actual Year Prior to Last Calendar Year | $ 80,000 | $ |

   (b) Unearned Income Prior 2 Years (Interest, Dividends, etc.) ........ $ _10,000_   $ _10,000_

5. (a) Do you have or are you applying for other (1) Individual, (2) Association, (3) Group, or (4) Employer Sick Pay disability income coverage; or (5) Overhead Expense disability coverage? Yes ☒ No □ (If "Yes" give details below)

| Company or Source | Type (1, 2, 3, 4 or 5) | Monthly Disability Amount | Benefit Period Accident Sickness |
|---|---|---|---|
| PROVIDENT L & A | 1 | 2400 | 3 POLICIES - MIXED |

   (b) Do you have Social Security substitute coverage? Yes ☒ No □ Amount $ _400_ Company _PROVIDENT_
   (c) Is any coverage to be replaced by the coverage applied for? Yes □ No ☒ If "Yes", complete Form 1335-Q5.
   (d) What is the total personal non-group life insurance in force or applied for on your life? $ _1,750,000_
   (e) Does your net worth exceed $4,000,000? Yes □ No ☒ If "Yes" complete Form 1335-NW.
   (f) Have you smoked cigarettes within the last 12 months? Yes □ No ☒

(Q6-8 need not be answered if a Provident Medical Exam, dated on or after the date of this application, is being furnished)

6. Have you ever been treated for or ever had any known indication of:

   | | Yes | No |
   |---|---|---|
   | (a) High blood pressure, diabetes, cancer, arthritis, asthma, emphysema, or emotional, nervous or mental disorder, or disease or disorder of the eyes, ears or speech? | □ | ☒ |
   | (b) Disease or disorder of the neck, back, spine, heart, lungs, breasts, or the circulatory, digestive, urinary or reproductive systems? | □ | ☒ |

7. Other than above, have you, within the past 5 years, had medical or surgical advice or treatment, had a physical examination, or been under observation for any disease or disorder?   ☒   □

8. Do you have a physical impairment or deformity, or take any type of prescribed medication?   □   ☒
   (Give details of "Yes" answers to Q6-8. Include diagnoses, dates, physicians and addresses)

   7 - REGULAR ANNUAL CHECK-UPS:
   SHERMAN KAPLAN, M.D.
   333 ARTHUR GODFREY RD.
   MIAMI BEACH, FL 33140

9. (a) Will your employer pay for all disability coverage to be carried by you with no portion of the premium to be included in your taxable income? Yes ☒ No □ (b) How much premium is paid with this application? _0 - S.H.L. DED. BILLING_

To the best of my knowledge and belief, all of the foregoing statements and all of those in Part II, if any, of this Application are true, complete, and correctly stated. They are offered to Provident Life and Accident Insurance Company as the basis for any insurance issued on this Application. I have received a disclosure concerning: (1) the Medical Information Bureau; and (2) an investigative consumer report which may be made for use with this Application.

I authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau or other organizations, institution or person that has any records or knowledge of me or my health, to give to Provident Life and Accident Insurance Company and/or its reinsurers any such information.

I authorize all said sources, except the Medical Information Bureau, to give such records or knowledge to Equifax, Inc. This agency is employed by Provident Life and Accident Insurance Company to collect and send such information.

A copy of this authorization shall be as valid as the original.

Signed at _MIAMI BEACH_ _FL_
   City    State
this _7th_ day of _MAY_ 19 _97_
Field Office: _____

Signature of Proposed Insured X _Wayne Cikes_

I certify that I have truly and accurately recorded on this application the information supplied by the Proposed Insured.
_Jean H. Pollock_
(Licensed Agent's or Broker's Signature)
Tax I.D. Number _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_

Form 1335

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY**, Chattanooga, Tennessee 37402.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY
CHATTANOOGA, TN 37402

| Full Name of Person Examined | | | Date of Birth | Occupation |
|---|---|---|---|---|
| (Last) Cylen | (First) Wayne | (Middle) | 2/27/51 | Lawyer |

1. a. Name and address of your personal physician (If none, ☐ Check) Sherman Kaplan. 333 Arthur Godfrey Rd
Miami Beach, Fla

   b. Date and reason last consulted? 15yr - Check up 1987

   c. What treatment was given or medication prescribed? None

| 2. Have you ever been treated for or ever had any known indication of: | Yes | No |
|---|---|---|
| a. Disorder of eyes, ears, nose, or throat? | ☐ | ☑ |
| b. Dizziness, fainting, convulsions, headache; speech defect, paralysis or stroke; mental or nervous disorder? | ☐ | ☑ |
| c. Shortness of breath, persistent hoarseness or cough, blood spitting; bronchitis, pleurisy, asthma, emphysema, tuberculosis or chronic respiratory disorder? | ☐ | ☑ |
| d. Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? | ☐ | ☑ |
| e. Jaundice, intestinal bleeding, ulcer, hernia, appendicitis, colitis, diverticulitis, hemorrhoids, recurrent indigestion, or other disorder of the stomach, intestines, liver or gallbladder? | ☐ | ☑ |
| f. Sugar, albumin, blood or pus in urine; venereal disease; stone or other disorder of kidney, bladder, prostate or reproductive organs? | ☐ | ☑ |
| g. Diabetes; thyroid or other endocrine disorders? | ☐ | ☑ |
| h. Neuritis, sciatica, rheumatism, arthritis, gout, or disorder of the muscles or bones, including the spine, back, or joints? | ☐ | ☑ |
| i. Deformity, lameness or amputation? | ☐ | ☑ |
| j. Disorder of skin, lymph glands, cyst, tumor, or cancer? | ☐ | ☑ |
| k. Allergies, anemia, hemophilia or leukemia? | ☐ | ☑ |

DETAILS of "Yes" answers. (IDENTIFY QUESTION NUMBER, CIRCLE APPLICABLE ITEMS: Include diagnoses, dates, duration and names and addresses of all attending physicians and medical facilities.)

9. deferment from military service 1969 due to (i) knee tore cartilage (i) knee. No further problems with knee.

| | Yes | No |
|---|---|---|
| 3. Are you now under observation or taking treatment? | ☐ | ☑ |
| 4. Have you had any change in weight in the past year? | ☐ | ☐ |

5. Other than above, have you within the past 5 years:

| | Yes | No |
|---|---|---|
| a. Had any mental or physical disorder not listed above? | ☐ | ☑ |
| b. Had a checkup, consultation, illness, injury, surgery? | ☐ | ☑ |
| c. Been a patient in a hospital, clinic, sanatorium, or other medical facility? | ☐ | ☑ |
| d. Had electrocardiogram, X-ray, other diagnostic test? | ☐ | ☑ |
| e. Been advised to have any diagnostic test, hospitalization, or surgery which was not completed? | ☐ | ☑ |
| 6. Have you ever used barbiturates, narcotics, excitants or hallucinogens or ever sought treatment or been arrested for their use? | ☐ | ☑ |
| 7. Have you ever sought help or treatment for alcohol use? | ☐ | ☑ |
| 8. a. Have you ever had any disorder of menstruation, pregnancy or of the reproductive organs or breasts? | ☐ | ☑ |
| b. To the best of your knowledge and belief, are you now pregnant? | ☑ | ☑ |
| 9. Have you ever had military service deferment, rejection or discharge because of a physical or mental condition? | Knee | ☑ |
| 10. Have you ever requested or received a pension, benefits, or payment because of an injury, sickness or disability? | ☐ | ☑ |
| 11. Family History: (Father, Mother, Brothers, Sisters) Tuberculosis, diabetes, cancer, high blood pressure, heart or kidney disease, mental illness or suicide? | ☐ | ☑ |

(For additional comments, use back side)

| a | Age if Living? | Age at Death? | Cause of Death? | b | Number Living? | Number Dead? | Age if Living? | Age at Death? | Cause of Death? |
|---|---|---|---|---|---|---|---|---|---|
| Father | 68 | | | Brothers | 3 | 0 | 40-36-36 | | |
| Mother | 67 | | | Sisters | 1 | 0 | 40 | | |

The foregoing statements are full, complete, and true to the best of my knowledge and belief.   Dated at _____

PARAMEDICAL ORGANIZATION (Please stamp or type below)   this 15 day of May 19 87

(X) _____

EXAMINATION MANAGEMENT SERVICES, INC.
2525 S.W. 3rd AVENUE. SUITE #410

Signature of person examined

# EXAMINER'S REPORT

10. a. Height (in shoes) ___ ft ___ in.   b. Weight (clothed) _151_ lbs
    c. Abdomen, at Umbilicus _33_ ins.
    d. Did you weigh examinee? .................................... ☑ Yes ☐ No
    e. Did you measure examinee? ................................. ☑ Yes ☐ No
    f. Is appearance unhealthy or older than stated age? ......... ☐ Yes ☑ No
    g. Any obvious impairments (physical or mental)? ............ ☐ Yes ☑ No

11. Blood Pressure: a. Systolic _100_   Diastolic _72_
    Repeat after 10 minutes rest if systolic pressure is over 140 or dias-
    tolic pressure is over 90.
    b. Systolic _100_   Diastolic _76_

12. Pulse:

| | At Rest | After Exercise | 3 Minutes Later |
|---|---|---|---|
| Rate ............ | 80 | | |
| Irregularities Per Minute . | 0 | | |

13. Urinalysis: (a) Specific gravity?_____ (b) Albumin? _NEG_ (c) Sugar? _NEG_
    **For LIFE INSURANCE:** A home office specimen is required for each examination report
    **For DISABILITY INSURANCE:** NO home office specimen is routinely required
    ☐ Yes, ☑ No  Specimen is being sent to home office.

The remaining questions (14, 15, 16, 17) are to be answered by **PHYSICIAN EXAMINER ONLY**

14. Heart: Is there any:  Enlargement  ☐ Yes ☐ No   Dyspnea  ☐ Yes ☐ No
                          Murmur(s)    ☐ Yes ☐ No   Edema    ☐ Yes ☐ No
    (describe below — if more than one, describe separately)

Indicate Location:
Apex by         X
Murmur area by  O
Point of greatest
intensity by    O
Transmission by ♦

|  | Yes | No |
|---|---|---|
| Constant ............ | ☐ | ☐ |
| Transmitted ........ | ☐ | ☐ |
| Systolic ............ | ☐ | ☐ |
| Presystolic ........ | ☐ | ☐ |
| Diastolic ........ | ☐ | ☐ |
| Soft (Gr. 1-2) ...... | ☐ | ☐ |
| Mod. (Gr. 3-4) .... | ☐ | ☐ |
| Loud (Gr. 5-6) .... | ☐ | ☐ |
| **After exercise:** | | |
| Increased ........ | ☑ | ☐ |
| Absent ............ | ☐ | ☐ |
| Unchanged ........ | ☐ | ☐ |
| Decreased ........ | ☐ | ☐ |

PARAMEDIC EXAM

Use space below and to
right for your comments and impressions.

15. Is there on examination any abnormality of the following:                    Yes No
    *(If Yes, circle and give details.):*
    a. Eyes, ears, nose, mouth, pharynx?
       (If vision or hearing markedly impaired, indicate degree and correction.) ..... ☐ ☐
    b. Skin (include scars); lymph nodes; varicose veins or peripheral arteries? ...... ☐ ☐
    c. Nervous system (including reflexes, gait, paralysis)? ........................ ☐ ☐
    d. Respiratory system? ...................................................... ☐ ☐
    e. Abdomen (include scars)? ................................................. ☐ ☐
    f. Genitourinary system (include prostate)? .................................. ☐ ☐
    g. Endocrine system (include thyroid and breasts)? ........................... ☐ ☐
    h. Musculoskeletal system (include spine, joints, amputations, deformities)? ... ☐ ☐
16. a. Are there any hernias? ☐ Yes ☐ No   b. Any hemorrhoids? ............ ☐ ☐
17. Are you aware of additional medical history? ................................. ☐ ☑
    **(A confidential report may be sent to Medical Director)**

Details of "Yes" answers (Identify Item.)

I certify that I made this examination at _____ A.M. _3:50_ P.M. on the _14_ day of _May_ 19_87_

Examination made at:  ☐ My Office  ☐ Applicant's Office  ☐ Applicant's Home  ☐ Other

at request of AGENT _Jean Pollock_   SIGNATURE _____ _Jesus Couret_
                                                    Signature of Examiner   Degree

# YOUR
# OUTLINE
# OF COVERAGE
### (PLEASE KEEP WITH YOUR POLICY)

## PROVIDENT
## LIFE AND ACCIDENT
### INSURANCE COMPANY

CHATTANOOGA, TN 37402

DISABILITY INCOME PROTECTION COVERAGE

REQUIRED OUTLINE OF COVERAGE

POLICY SERIES 335

1. **READ YOUR POLICY CAREFULLY**

   This outline of coverage provides a very brief description of the important features of your policy.  This is not the insurance contract and only the actual policy provisions will control.  The policy itself sets forth in detail the rights and obligations of both you and your insurance company.  It is, therefore, important that you READ YOUR POLICY CAREFULLY.

2. **DISABILITY INCOME PROTECTION COVERAGE**

   Policies of this category are designed to provide, to persons insured, coverage for disabilities resulting from covered Injuries or Sickness, subject to any limitations set forth in the policy.  Coverage is not provided for basic hospital, basic medical-surgical, or major-medical expenses.

3. **BENEFITS**

   a.  **General Definitions**

   Benefit Schedule means the schedule of benefits attached to this Outline.

   Elimination Period means the number of days of disability that must elapse in a period of disability before benefits become payable.  The number of days is shown in this Outline's Benefit Schedule.  These days need not be consecutive; they can be accumulated during a period of disability to satisfy an Elimination Period.  Benefits are not payable, nor do they accrue, during an Elimination Period.

   Total Disability or totally disabled means that due to Injuries or Sickness:

   1.  you are not able to perform the substantial and material duties of your occupation; and
   2.  you are receiving care by a Physician which is appropriate for the condition causing the disability.

   your occupation means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you became disabled.  If your occupation is limited to a recognized specialty within the scope of your degree or license, we will deem your specialty to be your occupation.

The basic Monthly Benefit for Total Disability is shown in the Benefit Schedule. Benefits start on the day of Total Disability after the Elimination Period. Benefits are payable for as long as the applicable maximum benefit periods also shown in the Benefit Schedule.

UPDATE - This benefit provides for automatic increases in your Monthly Benefit for Total Disability. Refer to the Policy Schedule in your policy for details.

Presumptive Total Disability - You will be presumed totally disabled if Injuries or Sickness result in the entire and permanent loss of: 1) speech; 2) hearing in both ears; 3) sight of both eyes; or 4) use of both hands, both feet, or one hand and one foot.

The basic Monthly Benefit for Total Disability will be paid even if you can work. Further medical care will not be required. Benefits will be payable for life.

Waiver of Premium - After you have been disabled for 90 days during a period of total and/or residual disability we will:

1. refund any premiums which became due and were paid while you were totally and/or residually disabled; and
2. waive the payment of each premium which thereafter becomes due for as long as the period of disability lasts. After it ends, to keep your policy in force, you must again pay any premiums which become due.

Transplant Surgery - If you are disabled because you donate a part of your body to another person, we will consider it to be the result of a Sickness.

Cosmetic Surgery - If you are disabled from surgery to improve your appearance or correct disfigurement, we will consider it to be the result of a Sickness.

Pregnancy - If you are disabled from pregnancy or childbirth, we will consider it to be the result of a Sickness.

Rehabilitation - You may participate in a program of occupational rehabilitation while disabled. This will not of itself affect Total Disability payments. If we approve the program we will pay certain training expenses up to an amount equal to three times one basic Monthly Benefit for Total Disability.

Treatment of Injuries (payable if disability benefits not paid) - If Injuries require treatment prescribed by a Physician, we will pay your expenses for such treatment, up to one-half of one basic Monthly Benefit for Total Disability.

c. Additional Benefit

The following optional benefit is also a part of your policy and is shown in the Benefit Schedule. Additional premium is required.

Benefit when, due to Injuries or Sickness, you suffer a loss of earnings of 20% or more, and are receiving care by a physician. (During the Elimination Period only, you must not be able to work fully because of the Injuries or Sickness.) A loss of earnings over 75% is deemed a 100% loss and 100% of your Total Disability Monthly Benefit will be paid. Residual benefits are payable for as long as stated in the policy.

When a disability lasts more than one year, Cost of Living indexing (based on the Consumer Price Index) will be applied to your pre-disability earnings. As they increase, your loss of earnings becomes greater and this, in turn, produces increases in your Residual Disability Monthly Benefit.

Recovery Benefits are payable for up to three months following a period for which benefits were paid if you are under age 65 and return to full-time work with a loss of earnings of at least 20%. Benefits will be the greater of the Residual formula amount for each of the first three months or the applicable percentage (100% first month, 75% second month and 50% third month) of the actual claim payment made for the 30 days prior to your return to work.

## 4. EXCLUSIONS

This policy does not cover loss caused by war or act of war.

The policy will only cover pre-existing conditions as follows:

1. During the first two policy years, a pre-existing condition will be covered if it was disclosed and not misrepresented in answer to a question in the application for the policy, and we did not exclude it from coverage.
2. We will cover any condition not excluded by the policy for a disability that starts after two years.

Pre-existing conditions are defined in the policy.

If there are any additional exclusions, they will be referred to in the Policy Schedule. If there is an exclusion or limitation which applies only to a benefit rider added after the policy is issued, it will be included with the rider.

**Non-Cancellable and Guaranteed Continuable to Age 65 at Guaranteed Premiums:** You can continue this policy to age 65 by paying the premiums on time.

**Conditional Right to Renew After Age 65; Premiums are not Guaranteed:** You can renew this policy as long as you are actively and gainfully working full time; there is no age limit. You must pay premiums on time at our rates then in effect at time of renewal. The basic policy, if renewed before age 75, will provide a 24 month maximum benefit period for Total Disability and Presumptive Total Disability. A 12 month maximum benefit period will be provided if the policy is renewed at or after age 75.

If the policy is continued, all of the basic benefit provisions will be included in the continued policy. Any additional benefit provision contained in the policy will not be included unless it is so named as one that will be included in the continued policy.

335-OC

BENEFIT SCHEDULE FOR THIS OUTLINE

------------------------------------------------------------------------------

Elimination Period                      90 days of Total and/or Residual Disability

Monthly Benefit for Total Disability                                    $5,750.00

Maximum Benefit Periods:

Injuries:
    Total Disability starting before age 65  ...............................  for Life
    Total Disability starting at age 65 but before age 75  .................  24 months
    Total Disability starting at or after age 75  ..........................  12 months

Sickness:
    Total Disability starting before age 60  ...............................  for Life
    Total Disability starting at age 60 but before age 61  .................  to age 65
    Total Disability starting at age 61 but before age 62  .................  48 months
    Total Disability starting at age 62 but before age 63  .................  42 months
    Total Disability starting at age 63 but before age 64  .................  36 months
    Total Disability starting at age 64 but before age 65  .................  30 months
    Total Disability starting at age 65 but before age 75  .................  24 months
    Total Disability starting at or after age 75  ..........................  12 months

-------------------------------ADDITIONAL BENEFIT-----------------------------

Residual Disability Benefit

This Outline of Coverage was prepared on 10/08/87 and
replaces any previous description of coverage furnished you.

Insured - WAYNE A CYPEN                          Policy Number 6-335-779939

Provident Life and Accident Insurance Company
Chattanooga, Tennessee  37402

PERSONAL HEALTH AND STATUS STATEMENT
Supplement to Application
for the Below Numbered Policy

I hereby make the following statement which I agree shall form a part of my Application for the policy to which this form is attached:

1. I have reviewed the statements in the Application for this policy and, to the best of my knowledge and belief, they are still true, complete, and correctly stated; and

2. To the best of my knowledge and belief, there has been no change in the state of my health since the date of my Application for this policy; and

3. I have not applied for Individual, Association or Group disability income coverage, nor Business Overhead Expense disability coverage, nor Business Buy-Out Expense disability coverage, nor Master Key disability coverage, since the date of my application for this policy.

Dated at _____ this _____ day of _____, 19____.

_____
Signature of Witness

_____
Signature of Applicant
(Applicable to Business Buy/Out and
Master Key Only)

The duplicate copy attached to the policy must be signed, dated, and witnessed on delivery of the policy.  The original accompanying the policy must be signed, dated, witnessed, and returned to the Company.

IF THE PROPOSED INSURED CANNOT ATTEST TO ITEMS (1), (2) AND (3) ABOVE, (AND THE AP-PLICANT CANNOT ATTEST TO THE STATEMENT REGARDING BUY/OUT OR MASTER KEY, WHICHEVER IS APPROPRIATE) THIS FORM AND THE POLICY MUST BE RETURNED TO THE COMPANY IMMEDIATELY.

Accident Department

1080-81          WAYNE A CYPEN   6-335-779939

## AMENDMENT OF APPLICATION

In consideration of the issuance of the policy to which this amendment is attached, it is understood and agreed that my signed application dated May 7, 1987, is amended as follows:

4(A)   ANNUAL EARNED INCOME FROM YOUR
        OCCUPATION FOR FEDERAL TAX PURPOSES
        (AFTER BUSINESS EXPENSES, IF ANY):

| | CURRENT ANNUAL RATE OF EARNED INCOME | ACTUAL PRIOR CALENDAR YEAR | ACTUAL YEAR PRIOR TO LAST CALENDAR YEAR |
|---|---|---|---|
| SALARY................. | $100,000 | $90,000 | $80,000 |
| OTHER (DESCRIBE) 0 0 | 0 | 0 | 0 |
| 4(B)   UNEARNED INCOME PRIOR 2 YEARS (INTEREST, DIVIDENDS, ETC.) | | $10,000 | $10,000 |

Signed at _____
                    City                         State
this____ day of_____19____ ▓▓▓▓▓▓▓

1251-AM(Q4)1335          WAYNE A CYPEN   6-335-779939          Accident Dept.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  00-28965 CA 05

WAYNE A. CYPEN,

      Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

      Defendant.

_____/

## REQUEST FOR PRODUCTION

      Plaintiff, through undersigned counsel, requests that the Defendant, PROVIDENT

LIFE AND ACCIDENT INSURANCE COMPANY, produce for inspection and copying at the

offices of the undersigned, in accordance with the applicable Florida Rules of Civil

Procedure, the following:

      1.      The complete claim's review file that was accumulated in determining

whether or not to pay the claim of the Plaintiff.

      2.      The complete claim's review appeal file that was accumulated in determining

whether or not to pay the claim of the Plaintiff.

      3.      Any and all correspondence between you and:

            a.      The Plaintiff;

            b.      The Plaintiff's physicians or other healthcare providers; and

    c.    Plaintiff's representatives.

    4.    Please produce the curriculum vitae for each and every physician or healthcare provider who you consulted in determining whether or not to pay the Plaintiff's claim.

WE HEREBY CERTIFY that a copy of the foregoing was served on the Defendant along with the Complaint.

        Respectfully submitted,

        PODHURST, ORSECK, JOSEFSBERG,
        EATON, MEADOW, OLIN & PERWIN, P.A.
        25 West Flagler Street, Suite 800
        Miami, Florida  33130
        (305) 358-2800 / Fax (305) 358-2382

    By: _____
        MICHAEL S. OLIN
        Fla. Bar No. 220310

-2-

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 00-28965 CA 05

WAYNE A. CYPEN,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

    The Plaintiff, Wayne Cypen, propounds interrogatories numbered 1 through 2 to the

Defendant, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, to be answered

in accordance with the Florida Rules of Civil Procedure, Rule 1.340.

    WE HEREBY CERTIFY that a copy of the foregoing was served on the Defendant

along with the Complaint.

                   Respectfully submitted,

                   PODHURST, ORSECK, JOSEFSBERG,
                   EATON, MEADOW, OLIN & PERWIN, P.A.
                   25 West Flagler Street, Suite 800
                   Miami, Florida 33130
                   (305) 358-2800 / Fax (305) 358-2382

                   By:_____
                      MICHAEL S. OLIN
                      Fla. Bar No. 220310

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 00-28965 CA 05

WAYNE A. CYPEN,

    Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

_____/

## INTERROGATORIES TO DEFENDANT

    The Plaintiff, Wayne Cypen, propounds the attached interrogatories, numbered 1

through 2, to the Defendant, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

to be answered in accordance with the Florida Rules of Civil Procedure, Rule 1.340.

                Respectfully submitted,

                PODHURST, ORSECK, JOSEFSBERG,
                EATON, MEADOW, OLIN & PERWIN, P.A.
                25 West Flagler Street, Suite 800
                Miami, Florida 33130
                (305) 358-2800 / Fax (305) 358-2382

                By: _____
                    MICHAEL S. OLIN
                    Fla. Bar No. 220310

## INTERROGATORIES

1.      List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

2.      Please state name, address and phone number of each physician or other healthcare provider who was consulted by you in determining whether or not to pay Plaintiff's claim.

CASE NO.  00-28965 CA 05

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY


BY:_____


STATE OF _____  )
                       )  SS:
COUNTY OF _____  )

      The foregoing Answers to Interrogatories were acknowledged before me this

_____ day of _____, 2000, by _____,

who is personally known to me or has produced  as identification and who did/did not take

an oath.



_____
Notary Public - State of _____

_____
(Name of Notary Public Typed,
 Printed or Stamped)

_____
(Title or Rank)


My Commission Expires:

-4-

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO. 00-28965 CA 05

WAYNE A. CYPEN,

     Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

     Defendant.

_____/

### DEFENDANT PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant Provident Life and Accident Insurance Company ("Provident"), by and through its undersigned counsel, hereby moves for an extension of time to file a responsive pleading to the complaint filed by Wayne A. Cypen, and in support thereof, states as follows:

1.    Defendant Provident needs an additional twenty (20) days to gather the necessary information to respond to the Complaint.

WHEREFORE, Provident Life and Accident Insurance Company requests a twenty (20) day extension of time to file and serve a responsive pleading to plaintiff's complaint.

SHUTTS & BOWEN
Attorneys for Defendant
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida
(305) 358-6300

By: _____
    John T. Kolinski
    Florida Bar No.: 307971

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via facsimile and U. S. Mail this ⁷⁷ᵗʰ day of December, 2000 to: **Michael S. Olin, Esquire, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin**, P. A., City National Bank Building, 8th Floor, 25 West Flagler Street, Miami, Florida 33130.

OF COUNSEL

MIADOCS 384788.1 IRL

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

JS 44
(Rev. 12/96)

CIVIL COVER SHEET

00-4657

The JS-44 civil sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

*MAGISTRATE JUDGE O'SULLIVAN*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Wayne A. Cypen | Provident Life and Accident Insurance Company |

**(b)** County of Residence of First Listed Plaintiff  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

Note:  In land condemnation cases, use the location of the tract of land involved.

A: Dade 1: 00 CV 4657 / King / O'Sullivan

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Michael S. Olin, Esq.
Podhurst, Orseck, Josefberg, et al.
25 West Flagler Street
Miami, Florida 33130          305-358-2800

Attorneys (if known)
John T. Kolinski, Esq.
Shutts & Bowen
201 S. Biscayne Boulevard, 1500 Miami Center
Miami, FL 33131          (305) 358-6300

**(d)** Circle County where action arose:  (Dade)  Monroe  Broward  Palm Beach  Martin  St. Lucie  Indian River  Okeechobee  Highlands

| II. BASIS OF JURISDICTION (Place an "X" in one box only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in one box for Plaintiff and (for Diversity Cases Only) one box for defendant) | | | | |
|---|---|---|---|---|---|
| | | PTF | DEF | | PTF DEF |
| ☐ 1 US Government Plaintiff | ☐ 3 Federal Question (US Government Not a Party) | Citizen of This State ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 ☐ 4 |
| ☐ 2 US Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☒ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

| IV. ORIGIN (Place an "X" in one box only) |
|---|
| ☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment |

**V. NATURE OF SUIT** (Place an "X" in one box only)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patents | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 561 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 562 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 563 DIWC/DIWW(405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 564 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 565 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Emp. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | A or B |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (Cite the US Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sec. 1332 and 28 U.S.C. Sec. 1441

Length of trial
is 4-5 days estimated (for both sides to try entire case)

| VII. REQUESTED IN COMPLAINT: | ☐ Check if this is a **class action** under F.R.C.P. 23 | Demand $ $75,000.00 | Check YES only if demanded in complaint: Jury Demand: ☐ Yes ☒ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instructions)
Judge                                    Docket Number

Date  12/8/00

Signature of Attorney of Record  [signature] John T. Kolinski   $150.00   833188

**FOR OFFICE USE ONLY**

Receipt # ___   Amount ___   Applying IFP ___   Judge ___   Mag. Judge ___

12/08/00

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a)    Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suites by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Origin.** Place an "X" is one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300